IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DONNA M. DICKISON, )
      )
   Plaintiff, )
      )
      ) CIV-13-1022-F
v. )
      )
CAROLYN W. COLVIN, )
  Acting Commissioner of Social )
   Security Administration, )
      )
   Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff filed an application for benefits on June 19, 2009, and alleged that she became disabled on June 1, 2006, when she was 29 years old, due to bipolar disorder and depression. (TR 158). In an administrative hearing conducted before Administrative Law

1

Judge Gatewood ("ALJ") on January 10, 2011, Plaintiff testified that she previously worked a number of jobs, including work as an automobile delivery driver, custodian, valet, assembler, cook, pricer/sorter, cashier, stocker, retail clerk, sandwich maker, and waiter. She testified that most of these jobs were performed for very short periods of time, and that she either quit these jobs or was fired for inappropriate or aggressive behavior. Plaintiff testified she had a hard time getting along with people and that for five years she had been treated at a mental health clinic for bipolar, depression, and anxiety/panic disorders with multiple medications. She testified concerning the adverse side effects of those medications, including daily, excessive fatigue, and stated that she had no interest in anything, difficulty sleeping at night, and difficulty focusing. She stated she spent most of the daytime hours sleeping or watching television. Her partner with whom she lived did most of the household chores and all of the grocery shopping and cooking, and she stayed at home and often did not bathe for days at a time.

In one job, that of a custodian, Plaintiff testified that she worked about six months and quit the job due to sexual harassment. (TR 50-51). Plaintiff's partner testified concerning Plaintiff's daily activities and symptoms, which she described as "[n]o desire to do nothing, but sit on the couch and stare at four walls." (TR 72). She stated Plaintiff had a bad temper, a "short fuse," she did not like to be around other people, and she had to be reminded to take her medications and to shower and change her clothing. (TR 72-74). A vocational expert ("VE") also testified at the hearing.

The ALJ issued a decision on April 20, 2012. Following the agency's well-

2

established sequential evaluation procedure, the ALJ first found at step one that Plaintiff "has engaged in substantial gainful activity since June 1, 2006, the date of alleged onset of disability." (TR 31). At step two, the ALJ found that Plaintiff had severe impairments due to major depressive disorder, recurrent, severe, without psychotic symptoms, generalized anxiety disorder, and history of cocaine and methamphetamine abuse, in remission. (TR 32). At the next step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (TR 34). At the fourth step, the ALJ found that despite her impairments Plaintiff had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels except that she could only perform simple tasks, she could not work with the public, and she could interact with peers and supervisors only on a superficial and limited basis. (TR 36).

Relying on the VE's hearing testimony, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act because she was able to perform the exertional and nonexertional requirements of her previous job "as a custodian, and probably an assembler, even though the vocational witness did not classify it. . . . The work as an assembler and as a custodian does not require the performance of work-related activities precluded by the claimant's [RFC]." (TR 39). The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. See 20 C.F.R. § 416.1481; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. Standard of Review

In this case, judicial review of the final Commissioner's decision is limited to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

III. Steps One and Four - Substantial Gainful Activity

At the first step of the evaluation process demanded of social security disability factfinders, the ALJ must "consider [the claimant's] work activity, if any. If [the claimant is] doing substantial gainful activity, [the ALJ] will find that [the claimant is] not disabled." 20 C.F.R. § 416.920(a)(4)(I).

In this case, the ALJ considered Plaintiff's work activity after she alleged that she became disabled. In the ALJ's decision, the ALJ found that Plaintiff had engaged in substantial gainful activity since June 1, 2006, the date on which she alleged her disability began. To explain this finding, the ALJ stated the following:

> The claimant worked after the alleged disability onset date but this work activity did not rise to the level of substantial gainful activity. The claimant has worked until February 2010. The jobs as a custodian for Service Master in 2008, which she described as lasting for six months, and as an assembler for PCAA in 2007 and 2008, which she reported lasted only for two days, ended unrelated to her alleged mental issues. They appear to be at the level of substantial gainful activity. The claimant left the job for Service Master, as she was sexually harassed. The claimant also worked as a custodan for about three months for a temporary service during 2007 (Exhibit 2E, p. 3). She left the job as an assembler when she got the flu. Neither of these departures relates to symptoms of her mental impairments or any other "severe" impairment.

(TR 32).

Plaintiff contends, and rightfully so, that the ALJ's step one findings are internally inconsistent. The ALJ found that Plaintiff had engaged in substantial gainful activity, stated that her work activity did NOT constitute substantial gainful activity, and then again determined that she had engaged in substantial gainful activity in her prior jobs as a custodian and assembler. The ALJ did not stop at step one, however, but proceeded to make findings at steps two, three, and four. The ALJ concluded at step four that Plaintiff's RFC for work did not prevent her from performing the requirements of her previous custodian job and "probably" her previous assembler job. Because the ALJ proceeded past step one to determine whether or not Plaintiff was disabled, any error in the ALJ's step one determination is harmless.

The step four issue raised by Plaintiff is more complicated. Plaintiff contends that the custodian and assembler jobs were not past relevant work. At the fourth step of the evaluation process, the ALJ must determine whether the claimant retains the RFC to perform

the requirements of all past relevant work. The ALJ must undertake a three-phase analysis at step four. In the first phase, the ALJ must evaluate the claimant's mental and physical RFC. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008)(quotations and citation omitted); Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). RFC represents "the most [that the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 416.945(a)(1).

In the second phase, the ALJ must determine the mental and physical demands of the claimant's past relevant work. Bowman, 511 F.3d at 1272 (quotations and citation omitted); Frantz v. Astrue, 509 F.3d 1299, 1301 (10th Cir. 2007); Social Security Ruling ("SSR") 82-62, "Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General," 1982 WL 31386, at 4 (1982). In this phase, the ALJ must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations." SSR 82-62, 1982 WL 31386, at 3; see Frantz, supra. In the third phase, the ALJ must "determine[] whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." Winfrey, 92 F.3d at 1023 (citations omitted). The claimant bears the burden of proving an inability to perform the duties of the claimant's past relevant work. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1051 (10th Cir. 1993).

The work a claimant has done in the past must constitute substantial gainful activity ("SGA") to qualify as past relevant work. James v. Chater, 96 F.3d 1341, 1343 (10th Cir. 1996). The regulations provide that past relevant work is work that a claimant has performed within the last 15 years, met the SGA earning requirements set forth in the regulations, and

lasted long enough for the claimant to learn to do it. 20 C.F.R. § 416.960(b)(1).

First, the ALJ erred in finding that Plaintiff's previous assembler job was past relevant work. The ALJ made no findings regarding the exertional or nonexertional requirements of this job, and the VE did not discuss the assembler position in her hearing testimony. Plaintiff testified she performed the assembler job for only two days (TR 52), a time span that would undoubtedly not provide her an adequate opportunity to learn how to perform the job.

The VE testified that an individual with Plaintiff's RFC for work could perform her previous unskilled job of "janitor," a position that Plaintiff testified she performed for six months and left for reasons other than her mental impairments. (TR 51, 238). With respect to her prior custodian position, there is evidence in the record that in 2008 Plaintiff earned $5,806.87 in this job. (TR 164). Assuming the truth of Plaintiff's statement that she worked in this position for six months, it appears she performed this job at SGA levels, and Plaintiff has not argued otherwise. The ALJ's finding that the custodian position constituted past relevant work that was available to Plaintiff is supported by substantial evidence in the record.

As an additional note, Plaintiff contends that the ALJ should have considered whether the custodian/janitor position was an "unsuccessful work attempt" under Social Security Ruling ("SSR") 05-02. SSR 05-02 provides that in considering whether previous work was an "unsuccessful work attempt," a job lasting between 3 and 6 months "must have ended or have been reduced to the non-SGA level within 6 months due to your impairment . . . ." SSR 05-02, 2005 WL 437631, * 3 (Feb. 28, 2005).

The ALJ found in the decision that Plaintiff did not quit the custodian/janitor job because of her mental impairments, implying that the job was not an "unsuccessful work attempt." (TR 32). Plaintiff stated that she quit the job because she was being sexually harassed. (TR 238). The ALJ's implied finding in the decision that Plaintiff's custodian/janitor position was not an unsuccessful work attempt is well supported in the record.

IV. RFC

Plaintiff contends that the ALJ failed to include all of her limitations in the RFC assessment. Plaintiff then simply lists various symptoms and clinical findings in the record and argues that Plaintiff's work history indicates she cannot sustain competitive employment. Plaintiff, however, held the custodian position for six months and left the job for reasons other than her mental impairments. Plaintiff testified that she had difficulty getting along with other people and difficulty concentrating. The consultative psychological examiner, Dr. Rodgers, reported that Plaintiff evidenced good social judgment, no memory or concentration deficits, although she exhibited a moderate degree of depression at that time and had "difficulty managing her anger and is quite impulsive." (TR 284). Dr. Rodgers did not find that Plaintiff was unable to perform the requirements of all work activity. The ALJ's RFC finding accommodates the symptoms and clinical findings that are supported by the record. Under these circumstances, the ALJ's RFC finding is supported by the record, and the Commissioner's final decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's application for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before      August 26th  , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this     6th      day of    August       , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE