# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA M. DICKISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-13-1022-F |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell issued on August 6, 2014 (doc. no. 21) and Plaintiff's Objections to the Magistrate's Report and Recommendation filed August 26, 2014 (doc. no. 22).

Magistrate Judge Purcell recommended that defendant commissioner's final decision denying plaintiff's application for supplemental security income benefits be affirmed. Although the Administrative Law Judge ("ALJ") found that plaintiff had engaged in substantial gainful activity since June 1, 2006, the date plaintiff alleged for onset of her disability, Magistrate Judge Purcell found that the ALJ's step one findings are internally inconsistent because the ALJ first found that plaintiff "had engaged in substantial gainful activity," then stated that "her work activity did NOT constitute substantial gainful activity," and then again "determined that she had engaged in substantial gainful activity in her prior jobs as a custodian and assembler." Report and Recommendation at 5. However, because the ALJ did not stop at step one but

proceeded to make findings at steps two, three and four, Magistrate Judge Purcell concluded that any error in the ALJ's step one determination was harmless. *Id.*

The ALJ concluded at step four that plaintiff's RFC for work did not prevent her from performing the requirements of her previous custodian job and "probably" her previous assembler job. Plaintiff in her objection suggests that the ALJ's inconsistent findings at step one were not harmless but crucial because if the ALJ found that these jobs (custodian and assembler) were not performed at the substantial gainful activity level, they could not be considered "past relevant work" at step four. *See* Objection at p. 2. However, it is clear from the ALJ's findings that she considered plaintiff's work as a custodian for six months, which work plaintiff left because she was sexually harassed, to be performed at the level of substantial gainful activity. This finding is supported by substantial evidence in the record, cited by Magistrate Judge Purcell, *see* Report and Recommendation at 7, citing Tr. 164, and by Social Security Ruling (SSR) 05-02, 2005 WL 437631 at *3 (Feb. 28, 2005), also cited by Magistrate Judge Purcell. Hence, plaintiff's work as a custodian was properly considered by the ALJ (and Magistrate Judge Purcell) as past relevant work at step four.

In her objection, plaintiff contends that Magistrate Judge Purcell improperly created a post-hoc rationalization to explain the ALJ's determination that plaintiff's job as a janitor was "past relevant work." However, the fact remains that at step one the ALJ found that plaintiff's past work as a custodian was substantial gainful activity. Thus, that substantial gainful activity could be, and was, properly considered by the ALJ as past relevant work at step four.

In accordance with the foregoing, Plaintiff's Objections to the Magistrate's Report and Recommendation (doc. no. 22) are **OVERRULED** and the Report and Recommendation of United States Magistrate Judge Gary M. Purcell (doc. no. 21) is

2

**ADOPTED**. The final decision of defendant, Carolyn W. Colvin, Acting Commissioner of Social Security Administration, denying plaintiff, Donna M. Dickison's application for supplemental security income benefits is **AFFIRMED.**

Dated September 8, 2014.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-1022p004.wpd